IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBERT H. FRANK,

                                                                          ORDER

                    Petitioner,

                                                                        07-C-548-C

       v.

U.S. PAROLE COMMISSION,

                    Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Robert Frank is a prisoner at the Federal Correctional Institution in Oxford, Wisconsin. He has filed a pleading styled as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and has paid a $5 filing fee. In the petition, petitioner asks this court to order the United States Parole Commission to remove a parole "detainer/warrant" from petitioner's Bureau of Prisons' file and "close its case against petitioner on that sentence." Petitioner complains that the presence of the detainer is causing him to be denied consideration for "certain benefits and programs," including a halfway house placement.

      A preliminary question is whether petitioner's claim is properly brought under §2241. That statute permits district courts to grant relief to prisoners "in custody in violation of the

1

Constitution or laws or treaties of the United States."  Thus, to proceed under §2241, a petitioner's claim must be a challenge to the legality of his custody.  In Richmond v. Scibana, 387 F.3d 602, 605 (7th Cir. 2004), the court held that §2241 was not an appropriate vehicle in a case in which "victory . . . would not entitle [the petitioner] to any change in the duration or even the location of his confinement."  In other words, an attempt to remove a barrier to release is not sufficient to proceed under § 2241.  The prisoner must show that his success would entitle him to release from custody or a shorter duration of confinement.  Hill v. McDonough, 126 S. Ct. 2096, 2101 (2006) (habeas is appropriate vehicle when judgment in prisoner's favor would "necessarily imply" that conviction was invalid).

      Petitioner's claim is not a claim that, if he were to succeed, would entitle him to release or a shortening of his sentence.  As petitioner himself appears to realize, the removal of an invalid detainer from his Bureau of Prisons record might allow him to become eligible for consideration for other benefits, but would not result in his release from custody.  This is particularly true because the attachments to petitioner's complaint and documents accessible on the federal court's PACER system, make it clear that petitioner is presently serving a 100-month sentence imposed on him by the Northern District of Iowa court on January 30, 2003, in United States v. Frank, CR00-1-15-LRR and United States v. Frank, CR01-1005-LRR.  The sentence petitioner wishes to be shown in his prison file as having been served in full is a sentence imposed on him on November 19, 1987 in United States

2

v. Frank, CR87-1010-MWB.

The injury alleged in a claim determines whether a claim is cognizable in habeas corpus or should instead be brought as a civil action. Clayton-El v. Fisher, 96 F.3d 236, 242 (7th Cir. 1996). In this case, the injury petitioner alleges is inaccurate information in his file. Correction of the record will not entitle him to release or a modification of his sentence. Therefore, his claim is one that must be raised in a civil action.

For petitioner's information, his civil action may be appropriate under the Privacy Act. Under the act, each agency that keeps a system of records must "maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination." 5 U.S.C. § 552a(e)(5). A court may order an agency to amend and update an individual's record. 5 U.S.C. § 552a(g)(2)(A). To obtain such an order, an individual must bring a civil action under § 552a(g)(1) of the act. As prerequisites to bringing such a suit, the individual must request the agency maintaining the record to amend it and must appeal within the agency should the request be refused. See 5 U.S.C. §§ 552a(g)(1)(A), (d)(2), (d)(3).

In addition, section (f)(4) gives agencies the authority to establish procedures for the review and correction of agency records. The Department of Justice's procedure for correction and amendment of Bureau of Prisons records appears at 28 C.F.R. § 16.50. It

3

provides that an individual seeking to have his records corrected must write to the Bureau of Prisons at the HOLC Building, 320 First Street, N.W., Washington, D.C. 20534. 28 U.S.C. § 16.50(a). If the individual's request is denied, he or she may appeal the denial to the Attorney General. Id. § 16.50(b). Should the denial be affirmed on appeal, the individual may file a "statement of disagreement" and proceed to federal court. Id.

Petitioner does not allege facts from which an inference may be drawn that he has followed these procedures. Even if he has, however, I will not convert his habeas corpus petition into a civil action without express direction from petitioner to do so.

In Moran v. Sondalle, 218 F.3d 647, 649 (7th Cir. 2000), the court of appeals noted that "[p]risoners may be tempted to choose one route rather than another to avoid limitations imposed by Congress." See also Pischke v. Litscher, 178 F.3d 497, 500 (7th Cir. 1999) (noting different procedural requirements and consequences of § 1983 and habeas corpus statutes as reasons for refusing to convert action). In this case, petitioner may be attempting to avoid a number of limitations by filing his civil rights claim in a petition for a writ of habeas corpus or he may not wish to pay the filing fee for a civil action under the Privacy Act, which is $350, as opposed to $5 for actions brought under 28 U.S.C. § 2241. In addition, the requirements for exhausting administrative remedies are stricter in a civil action under the act than in a § 2241 action. Compare Massey v. Wheeler, 221 F.3d 1030 (7th Cir. 2000) (court must dismiss action for failure to exhaust administrative remedies

4

once defendant raises issue) with Gonzalez v. O'Connell, 355 F.3d 1010, 1016 (7th Cir. 2004) (court may waive exhaustion requirements in § 2241 cases in some circumstances). In a habeas corpus action, the proper respondent is petitioner's custodian, whereas in an action under the Privacy Act, the petitioner must proceed against the agency responsible for the record at issue. Finally, civil actions filed by prisoners who allege a violation of federal law are subject to the 1996 Prison Litigation Reform Act, whereas habeas corpus actions are not. Under the PLRA, the court must assess petitioner an initial partial payment of the $350 filing fee, 28 U.S.C. § 1915(a)(2), screen his complaint before it is served on the respondent and dismiss it promptly if it is frivolous or malicious, fails to state a claim on which relief may be granted or seeks money damages from a respondent who is immune from such relief, 28 U.S.C. § 1915(e)(2). In addition, the court must collect the remaining portion of the filing fee from the prisoner's inmate account, even if his request for leave to proceed with his action is denied. 28 U.S.C. § 1915(b)(2). Finally, if petitioner's complaint is dismissed for one of the reasons listed above, he will earn a "strike" under the three strikes provision of § 1915, § 1915(g).

      Therefore, although I will not dismiss this case, I decline to convert petitioner's action until he has clarified his intentions. As noted above, it is possible that petitioner purposely filed a habeas corpus action because he does not want to file an action subject to the Prison Litigation Reform Act and its many provisions. Therefore, I will give petitioner until

5

November 7, 2007, in which to inform the court in writing whether he wants his case to be treated as a civil action alleging a violation of the Privacy Act or as a petition for a writ of habeas corpus. Petitioner should bear in mind that if he chooses to proceed under § 2241, I will promptly dismiss the case on the ground that petitioner has not alleged facts entitling him to habeas corpus relief. If he chooses to proceed in a civil action under the Privacy Act, he is to so advise the court and provide the court with a copy of his trust fund account statement for the past six months so that I can assess him an initial partial payment of the $350 fee for filing a civil complaint.

## ORDER

IT IS ORDERED that petitioner Robert H. Frank may have until November 7, 2007, in which to inform the court whether he wishes this court to treat his pleading as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 or as a complaint in a civil action under the Privacy Act. If he chooses to proceed under the Privacy Act, he may have until November 14, 2007, in which to submit a trust fund account statement for the period beginning approximately May 1, 2007 and ending approximately November 1, 2007, so that I can assess him an initial partial payment of the $350 filing fee. If petitioner fails to respond to this order by November 7, 2007, I will treat his action as a habeas corpus action and dismiss the case for his failure to allege facts to show that he is in custody in violation

of the Constitution or laws of the United States.

Entered this 25th day of October, 2007.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge