IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBERT H. FRANK,

                    ORDER

      Petitioner,

                    07-C-548-C

  v.

U.S. PAROLE COMMISSION,

      Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

    In an order dated October 25, 2007, I told petitioner Robert H. Frank that he could not proceed with his petition for writ of habeas corpus under 28 U.S.C. § 2241 because he failed to allege facts to show that he is in custody in violation of the Constitution or laws of the United States. I gave petitioner until November 7, 2007, in which to inform the court whether he intends for this court to treat his pleading as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 or as a complaint in a civil action under the Privacy Act. I told petitioner that if he intended his pleading to remain a petition for writ of habeas corpus under § 2241, I would be forced to dismiss his case for his failure to allege facts entitling him to habeas corpus relief.

    Now petitioner has filed his response to the October 25 order in a document entitled

1

"Petitioner's compliance with and his answer to the court's October 25, 2007 order."  In his response, petitioner does not state explicitly how the court should handle his petition for a writ of habeas corpus as requested in the court's previous order.  Instead, he asserts that the respondent's filing of a detainer against him "violates the Constitution . . . and deprives him of certain benefits and programs including a half-way house placement without due process of law."  Additionally, petitioner believes that he "is entitled to challenge those deprivations under habeas corpus."  Petitioner is wrong.  As I told him in the October 25 order, to proceed under § 2241, a petitioner must challenge the legality of his custody, not merely a barrier to release.  Petitioner's claim that his inability to be transferred to a half-way house extends his time in prison is not a valid habeas corpus claim because transfer to a half-way house does not represent release from confinement.  It is simply a different level of secured placement, the denial of which cannot be challenged in a petition for habeas relief.  Because petitioner has failed to allege facts showing that he is in custody in violation of the Constitution or law of the United States as required by § 2241, I must dismiss this case.

ORDER

      IT IS ORDERED that petitioner Robert H. Frank's petition for writ of habeas corpus is DISMISSED for his failure to allege facts to show that he is in custody  in violation of the

2

Constitution or law of the United States.  The clerk of court is directed to close this file.

Entered this 14th day of November, 2007.

                                                          BY THE COURT:
                                                          /s/
                                                          BARBARA B. CRABB
                                                          District Judge