IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBERT H. FRANK,

                                      ORDER

            Petitioner,

                                      3:07-cv-548-bbc

    v.

U.S. PAROLE COMMISSION,

           Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       On November 14, 2007, I dismissed this action for petitioner's failure to allege facts to show that he is in custody in violation of the Constitution or laws of the United States. The following day, the clerk of court entered a judgment of dismissal. Now petitioner has filed a motion titled, "Reconsider Order on Case No. 07-C-548-C."

       Once a case has been closed, a party seeking reconsideration of the order disposing of the case or the judgment may file one of two kinds of motions in the district court: a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59, or a motion for relief from the judgment or order pursuant to Fed. R. Civ. P. 60. It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him. Frietsch v. Refco, Inc., 56 F.3d 825, 828 (7th Cir. 1995). Rather,

1

the purpose of Rule 59 is to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings. Charles v. Daley, 799 F.2d 343, 348 (7th Cir. 1986). However, motions under Rule 59 must be filed within ten days of the entry of judgment. Fed. R. Civ. P. 59(b). A litigant's failure to meet the time limits of Rule 59 forecloses him from raising in the district court his assertions that errors of law or fact have been made. United States v. Griffin, 782 F.2d 1393 (7th Cir. 1986).

Petitioner's motion for reconsideration is dated January 3, 2008. The 10-day deadline following the November 15 date of entry of the judgment expired on November 30, 2007. (Holidays and weekends are not counted.) Therefore, to the extent petitioner may be attempting in his motion to suggest that errors of law or fact were made in deciding his case, the court cannot address petitioner's arguments.

Motions for relief from a judgment or order pursuant to Fed. R. Civ. P. 60 may be made "within a reasonable time." Rule 60(b)(1) and (2) permits a court to relieve a party from a final judgment, order, or proceeding because of "mistake, inadvertence, surprise, or excusable neglect," or "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." Legal error is not a proper ground for relief under Rule 60(b), Gleash v. Yuswak, 308 F.3d 758, 761 (7th Cir. 2002). Indeed, even a post-judgment change of law does not allow relief under Rule 60(b).

2

Id., citing Norgaard v. DePuy Orthopaedics, Inc., 121 F.3d 1074 (7th Cir. 1997).

Petitioner says he has discovered new evidence that warrants reconsideration of the order dismissing his case. He has attached to his motion the following exhibits: 1) a case cite and short description of Fernandez v. United States, 941 F.2d 1488 (11th Cir. 1991); 2) excerpts from a memorandum in petitioner's Northern District of Iowa criminal case no. CR 87-1010; 3) excerpts from an order dated August 9, 2007, in case no. CR 87-1010; 4) an order dated September 17, 2007, in case no. CR 87-1010; 5) correspondence dated November 26, 2007 from a deputy clerk in the clerk's office for the Northern District of Iowa; and 6) "sentence monitoring computation data" in case no. CR 87-1010. Petitioner's exhibits are not newly discovered evidence. The 1991 case from the Court of Appeals for the Eleventh Circuit has no bearing on the current case. In addition, the documents petitioner has provided from his 1987 criminal case neither provide new information nor bolster his argument in any way. In fact, the August 9 order reveals that at the time the order was entered, petitioner had been released from parole in case no. CR 87-1010 and was serving a sentence of 100 months as a result of charges in another criminal matter, case no. CR 00-1015. Because there is no basis for granting petitioner's motion under Fed. R. Civ. P. 60(b)(2), I will deny his motion for reconsideration.

ORDER

IT IS ORDERED that petitioner's motion titled, "Reconsider Order on Case No. 07-C-548-C" is DENIED.

Entered this 9th day of January, 2008.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge